# EXHIBIT A

Filing # 153061884 E-Filed 07/11/2022 12:54:48 PM

Case Number: CACE-22-010044 Division: 03

CIRCUIT COURT, 17TH JUDICIAL CIRCUIT, BROWARD COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

CASE NO.:

JOSIAS RAMOS, JOSEPH VALE, BECCA
EARHART, and those employees
similarly situated,

    Plaintiffs,

vs.

CERTIFIED MULTI MEDIA SOLUTIONS, LLC,
a Florida limited liability company and
MARK PETERSON, individually

    Defendants.
_____/

## COMPLAINT FOR DAMAGES UNDER THE
## FAIR LABOR STANDARDS ACT AND FOR UNPAID WAGES

    1.    Plaintiffs, JOSIAS RAMOS, JOSEPH VALE, and BECCA EARHART, brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et. seq. (the "Act"), on behalf of themselves and other similarly situated current and former employees of Defendants, CERTIFIED MULTI MEDIA SOLUTIONS, LLC, a Florida limited liability company and MARK PETERSON (hereinafter "Employer").

    2.    Plaintiffs are residents of Broward County, Florida.

    3.    Plaintiffs, and those similarly situated to Plaintiffs, are a covered employee for purposes of the Act.

    4.    The Employer is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business in Broward County, Florida and within the jurisdiction of this Court.

5.  This action is brought by Plaintiffs, and those similarly situated to them, to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. §201 et. seq., and specifically under the provisions of 29 U.S.C. §216(b).

6.  Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and 28 U.S.C. §216(b). The Employer is, and at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operated a multi-media installations and servicing business. The Employer solicited, obtained and accepted funds from Florida and non-Florida sources, used telephonic transmissions and the mail system going over state lines to do its business, and transmitted funds outside of the State of Florida, and otherwise engaged in interstate commerce, particularly with respect to its hourly employees such as Plaintiff and those similarly situated. Upon information and belief, the annual gross revenue of the Employer was, at all times material hereto, in excess of the Act's minimum revenue requirements.

7.  By reason of the foregoing, the Employer was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s) of the Act.

8.  The additional Hourly Employees who may become Plaintiffs in this action are non-exempt employees and/or former employees of the Employer who are or who were subject to the payroll practices and procedures described in the

paragraphs below and who are or were employed in the position of Hourly Employees by the Employer.

9. Plaintiffs were hired by the Employer enterprise in its Broward County location as full-time, non-exempt hourly employees.

10. By reason of such employment with the Employer, Plaintiffs were employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206 (a) and 207 (a). The work performed by Plaintiffs was directly essential to those interstate activities described above which was directly essential to the business performed by the Employer. Plaintiffs, by virtue of their respective job duties and functions as described above, were engaged in commerce.

11. At all times material hereto, the Employer failed to comply with 29 U.S.C. §§201-219 and 29 C.F.R. §516.2 and §516.4 et. seq. in that Plaintiffs and those similarly situated to them performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Employer to properly pay the Plaintiffs and those similarly situated to each of them at the rate of time and one-half for all of the hours worked by Plaintiffs and those similarly situated to them in excess of forty (40) hours per work week as provided in said Act.

12. Throughout their employment with the Employer, Plaintiffs were compensated by the Employer at an hourly rate only and were not paid for any overtime hours. For those pay periods when Plaintiffs worked more than forty (40) hours, the Employer failed and refused to pay each Plaintiff any overtime pay for

those hours worked over forty (40). The employees or former employees of the Employer who are similarly situated to these Plaintiffs were paid in a similar fashion to Plaintiff where they received no overtime for their hours worked over forty (40).

13. The records, if any, concerning the number of hours actually worked by Plaintiffs and those similarly situated to each of them and the compensation actually paid to such employees are in the exclusive possession and sole custody and control of the Employer. Plaintiffs and those employees similarly situated to him are unable to state at this time the exact amount due and owing to them. Plaintiffs propose to obtain such information by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiffs will then seek leave to amend the Complaint to set forth the precise amount due each Plaintiff.

14. All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

15. Plaintiff has retained undersigned counsel and has agreed to pay undersigned counsel a reasonable attorney's fee pursuant to the Fair Labor Standards Act.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST THE EMPLOYER

16. Plaintiffs re-allege all of the allegations set forth in paragraphs 1-15 above.

17. Plaintiffs and those similarly situated to them worked in excess of forty (40) hours during one or more workweeks and were not paid for all such hours

worked in excess of forty (40) hours per week at the rate of time and one-half of their regular rate of pay.

18. Plaintiffs and those similarly situated to them are entitled to be paid at the rate of time and one-half for all hours worked in excess of forty (40) hours per workweek.

19. The Employer knew and or showed reckless disregard of the provisions of the Act concerning the payment of overtime compensation by its failure to pay Plaintiffs and those similarly situated to them for all of their overtime hours in accordance with the Act.

20. Plaintiffs and those similarly situated to them are entitled to be paid at least time and one-half of their weekly regular rate for each hour worked in excess of forty (40) hours per workweek.

21. By reason of said intentional, willful and unlawful acts of the Employer, Plaintiffs and those similarly situated to them have suffered damages plus incurred costs and reasonable attorney's fees. As a result of the Employer's willful disregard of the Act, Plaintiffs and those similarly situated to them are entitled to liquidated damages in an amount equal to that set forth above.

**WHEREFORE**, Plaintiffs and those similarly situated to them who have or will opt-in to this action demand judgment against Defendants for payment at the rate of time and one-half for all hours worked in excess of forty (40) per workweek for which they have not been paid, liquidated damages, reasonable attorney's fees and costs of suit, pre-judgment interest and to such other relief deemed appropriate.

## COUNT II
## BREACH OF EMPLOYMENT CONTRACT
## AGAINST THE EMPLOYER FOR UNPAID WAGES

23. Plaintiffs re-alleges all of the allegations set forth in paragraphs 1-15 above.

24. At the time that Plaintiffs started working for the Employer, the Employer agreed to pay Plaintiffs an hourly rate and/or commissions.

25. Plaintiffs worked for Defendants earning their respective hour rates and/or commissions.

26. Plaintiffs are entitled to be paid at the rate of time for all hours worked.

27. The Employer breached its agreement with Plaintiffs by not paying each of them compensation (hourly pay and/or commissions) for all the hours they each worked beginning in July of 2020.

28. As a direct and proximate result of Defendants' wrongful refusal to pay Plaintiffs these sums that are due and owing, Plaintiffs were forced to retain the undersigned attorney. Plaintiffs have agreed to compensate undersigned counsel a reasonable attorney's fee to represent them in this matter which is recoverable from Defendants pursuant to Florida Statute Section 448.08.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for compensatory damages, prejudgment interest, attorney's fees and such other relief deemed appropriate.

**MESA LITIGATION &
LEGAL CONSULTING, P.A.**
4960 SW 72 Avenue, Suite 206
Miami, Florida 33155
cmesa@mesafloridalawyer.com
(305) 569-3005

_____
CARLOS A. MESA
FBN: 0067784